IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Civil Division**

GERARD SOLAN, Individually, and as Executor of the Estate of Albert Solan, Deceased,

        Plaintiff,

     vs.                                       Civil Action No.:

JOHN J. KANE REGIONAL CENTERS – McKEESPORT,

        Defendant.

## **COMPLAINT**

AND NOW, comes the Plaintiff, Gerard Solan, Individually and as Executor of the Estate of Albert Solan, Deceased, by and through his undersigned counsel, Robert F. Daley, Esquire; Chad P. Shannon, Esquire; and the law firm of Robert Peirce and Associates, P.C., and files this Complaint for the defendant's violation of duties imposed upon it under the Omnibus Budget Reconciliation Act of 1987 ("OBRA"); the Federal Nursing Home Reform Act ("FNHRA"); 42 U.S.C. § 1396r, *et. seq.*; the implementing regulations found at 42 C.F.R. § 483, *et seq.*; and for violations of the Constitution of the United States of America under Amendment 14, enforceable under 42 U.S.C. § 1983, against defendant John J. Kane Regional Centers – McKeesport (hereinafter referred to as "Kane" and/or "Defendant").

**Nature of Action**

1. This is a proceeding under 42 U.S.C. § 1983 to remedy violations of duties under the Omnibus Budget Reconciliation Act of 1987, the Federal Nursing Home Reform Act, the Federal Nursing Home Regulations as found at 42 C.F.R. § 483, and the Constitution of the United States of America.

**Jurisdiction and Venue**

2. As the instant case presents issues of federal law, jurisdiction is proper is this forum as a federal question, pursuant to 28 U.S.C. § 1331.

3. Venue lies within this judicial district, since all of the actions complained of herein occurred within the Western District of Pennsylvania.

**Parties**

4. Plaintiff Gerard Solan, is the Executor of the Estate of Albert Solan, and is an adult individual with an address of 126 Linden Lane, Acme, Pennsylvania 15610.

5. Plaintiff's Decedent Albert Solan, was Gerard Solan's father.

6. Albert Solan was also survived by a wife, Katherine F. Solan, who is an adult individual with an address of 213 Euclid Avenue, Glassport, Pennsylvania 15045; and two daughters, Tracey Austin, who is an adult individual residing in Allegheny County; and Laurie Austin, who is an adult individual with an address of 238 Karen Drive, Elizabeth, Pennsylvania 15037.

7. Defendant John J. Kane Regional Centers – McKeesport operates a facility located at 100 Ninth Avenue, McKeesport, Pennsylvania 15132 (hereinafter referred to as the "Facility").

8. Defendant John J. Kane Regional Centers – McKeesport is owned and operated by Allegheny County, Pennsylvania, and as such, is acting under color of State law.

9. Defendant John J. Kane Regional Centers – McKeesport is owned and operated by Allegheny County, Pennsylvania, and as such, is a governmental agency.

**Statement of Claim**

10. The facts relevant to the causes of action stated herein were known, or in the exercise of due diligence, should have been known to Defendant during the Plaintiff's Decedent's residency, or upon the Plaintiff's Decedent's discharge from its Facility.

11. At all times relevant hereto, John J. Kane Regional Centers – McKeesport operated as a "skilled nursing facility" as that term is defined at 42 U.S.C. § 1395i-3.

12. At all times relevant hereto, John J. Kane Regional Centers – McKeesport was acting independently, and by and through its authorized agents, servants and employees, who were then and there acting within the course and scope of their employment.

13. At no time during Albert Solan's life did the Plaintiff's Decedent bring an action to recover damages for his personal injuries.

14. At all times relevant hereto, Plaintiff's Decedent Albert Solan was a recipient of Medicare and Medicaid benefits, pursuant to 42 U.S.C.A. § 1396, *et seq.*

15. Albert Solan became a resident of Defendant's Facility on or about February 14, 2002, for the purposes of receiving rehabilitation.

16. Throughout his residency at the Defendant's Facility, Albert Solan suffered from respiratory and pulmonary disorders and periods of dementia.

17. In and around the last several months of Mr. Solan's residency at the Defendant's Facility, he required maximum assistance from agents, servants and/or employees of the Defendant's Facility for mobility.

18. Additionally, Mr. Solan required the use of an assistive device in order to mobilize.

19. On or about November 8, 2007, while being transferred from his bed to his wheelchair in order to utilize the restroom, the agents, servants and/or employees of the Defendant's Facility responsible for Mr. Solan's transfer, dropped him to the ground.

20. Initially, the nurses' notes from the facility dated November 8, 2007 at 9:50 p.m. indicated that Mr. Solan fell when being transferred from chair to bed.

21. However, a late entry "amendment" dated on what appears to be November 12, 2007, the day after Mr. Solan's death, states that Mr. Solan "was on the floor when [CNA] came into the room."

22. Upon Mr. Solan's fall to the ground on his right side, regardless of which account is correct, he experienced immediate pain in and around his hip area.

23. Mr. Solan was transferred back into his bed, wherein he still experienced conscious pain and suffering in his right hip area.

24. Soon thereafter, an x-ray of Mr. Solan's right hip area was taken at the Defendant's Facility; however, the x-ray did not reveal any definitive fracture of Mr. Solan's right hip area.

25. Mr. Solan continued to remain at the Defendant's Facility while experiencing pain in his right hip area over the next several days, until on November 10, 2007, Mr. Solan began to experience a change of consciousness.

26. Following Mr. Solan's change of consciousness while at the Defendant's Facility, he was then transferred to UPMC – McKeesport Hospital for evaluation.

27. Upon admission to UPMC – McKeesport Hospital, it was determined that Mr. Solan was having trouble breathing, with a congested chest, which prompted oxygen desaturation, which then dropped his pulse oximetry into the low eighties.

28. Similarly, upon admission at UPMC – McKeesport Hospital, Plaintiff's Decedent's family espoused suspicions of aspiration pneumonia.

29. While a patient at UPMC – McKeesport Hospital, Albert Solan's right hip area was x-rayed again, and upon further evaluation, it was determined that Mr. Solan suffered from an oblique linear intertrochanteric fracture of the right hip.

30. Due to Mr. Solan's deteriorating pulmonary status, it was decided, on November 10, 2007, that Mr. Solan would be unable to undergo any surgical repair of the right hip fracture.

31. Mr. Solan was admitted to UPMC – McKeesport Hospital, and received morphine in order to ameliorate the pain he suffered in his right hip area.

32. On or about November 11, 2007, Mr. Solan passed away at the age of 83.

5

33. Defendant Kane, as well as its employees and agents, had a duty to ensure that all persons providing care within the Kane Facility were competent to provide that care.

34. At all times material hereto, Defendant Kane, its agents and employees, owed a duty not to violate the federally protected legal rights of any resident, and had a duty to comply with all provisions of the Omnibus Budget Reconciliation Act of 1987, the Federal Nursing Home Reform Act, 42 U.S.C. §§ 1396r, 1396a(w), incorporated by 42 U.S.C. § 1396r and the implementing regulations found at 42 C.F.R. § 483, *et seq.*

35. The above noted statutes and regulations are designed and intended to protect the interests of persons such as Albert Solan, who have or had resided in Facilities such as Kane.

36. The above noted statutes and regulations are designed and intended to protect persons such as Albert Solan against the hazards he encountered and the harm he suffered while residing at Kane, including his death.

37. Defendant Kane, as well as its employees and agents, had a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for residents such as Albert Solan.

**COUNT I**

**Deprivation of Civil Rights Enforceable Via 42 U.S.C. § 1983 - Survival**

38. All of the preceding paragraphs of the within Complaint are incorporated herein, as if set forth more fully at length.

39. Defendant is an agent of the Commonwealth of Pennsylvania, and at all times relevant to this Complaint, was acting under the color of state law.

40. Defendant is bound generally by the 1987 Omnibus Budget Reconciliation Act and the Federal Nursing Home Reform Act, which was contained within the 1987 Omnibus Budget Reconciliation Act. See: 42 U.S.C. § 1396r, 42 U.S.C. § 1396a(w) (as incorporated by 42 U.S.C. § 1396r).

41. Defendant is also bound generally by the OBRA/FNHRA implementing regulations found at 42 C.F.R. § 483, *et seq.*, which serves to define specific statutory rights set forth in the above-mentioned statutes.

42. The specific detailed regulatory provisions, as well as the statutes in question, create rights which are enforceable pursuant to 42 U.S.C. § 1983, as the language of these regulations and statutory provisions clearly and unambiguously creates those rights.

43. The Defendant, in derogation of the above statutes and regulations, and as a custom and policy, failed to comply with the following regulations, as follows:

   a. By failing, as a custom and policy, to ensure that patients, including Albert Solan, did not suffer verbal, physical and/or mental abuse, as required by 42 C.F.R. § 483.13;

   b. By failing, as a custom and policy, to develop and implement written policies and procedures that prohibited the mistreatment, deliberate indifference and abuse of residents such as Albert Solan, as required by 42 C.F.R. § 483.13;

   c. By failing, as a custom and policy, to care for patients, including Albert Solan, in a manner that promoted maintenance or enhancement of his life, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

   d. By failing, as a custom and policy, to promote the care of patients, including Albert Solan, in a manner and in an environment that maintained or enhanced their dignity, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

e. By failing, as a custom and policy, to develop a comprehensive care plan for patients, including Albert Solan, as required by 42 C.F.R. § 483.20 and 42 U.S.C. § 1396r(b)(2)(A);

f. By failing, as a custom and policy, to provide patients, including Albert Solan, the necessary care and services to allow him to attain or maintain the highest practicable, physical, mental and psychosocial well-being, as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396r(b)(3)(A);

g. By failing, as a custom and policy, to periodically review and revise a patient's or a resident's written plan of care by an interdisciplinary team after each of the resident's or patient's assessments, as described within 42 U.S.C. § 1396r(b)(3)(A), as required by § 1396r(b)(2)(C);

h. By failing, as a custom and policy, to conduct an assessment of a patient or resident, such as Albert Solan, as per 42 U.S.C. § 1396r(b)(3)(A) promptly after a significant change in the resident's physical or mental condition, as required by 42 U.S.C. § 1396r(b)(3)(C)(i)(ii);

i. By failing, as a custom and policy, to use the results of the assessments required as described above in developing, reviewing and revising the resident's plan of care, such as Albert Solan, as required by 42 U.S.C. § 1936r(b)(3)(D);

j. By failing, as a custom and policy, to ensure that patients or residents, including Albert Solan, were provided medically related social services to attain or maintain the highest practicable physical, mental and psychosocial well-being, as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396r(b)(4)(ii);

k. By failing, as a custom and policy, to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental and psychosocial well-being of each resident or patient was given to all residents, including Albert Solan, as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396r(b)(4)(A)(v);

8

l.     By failing, as a custom and policy, to ensure that the personnel responsible for the care of patients were properly certified and/or re-certified, as being qualified to perform necessary nursing services, as required by 42 U.S.C. § 1396r(b)(4)(B);

m.     By failing, as a custom and policy, to provide sufficient nursing staff to provide nursing and related services that would allow patients or residents, including Albert Solan, to attain or maintain the highest practicable physical, mental and psychosocial well-being, as required by 42 C.F.R. § 483.30 and 42 U.S.C. § 1396r(b)(4)(C);

n.     By failing, as a custom and policy, to maintain clinical records on all residents, including Albert Solan, including but not limited to the plans of care and resident assessments, as required by 42 C.F.R. § 1396r(b)(6)(C);

o.     By failing, as a custom and policy, to ensure that the Kane Facility was administrated in a manner that enabled it to use its resources effectively, and efficient to allow patients or residents, including Albert Solan, to maintain or attain the highest practicable level of physical, mental and psychosocial well-being, as required by 42 C.F.R. § 483.75, 42 U.S.C. § 1396r(d)(A) and 42 U.S.C. § 1396r(d)(1)(C);

p.     By failing, as a custom and policy, to ensure that the administrator of the Kane Facility met the standards established under 42 U.S.C. § 1396r(f)(4), as required by 42 U.S.C. § 1396r(d)(1)(C);

q.     By failing, as a custom and policy to ensure that the Kane Facility was complying with federal, state and local laws and accepted professional standards which apply to professional providing services to residents, including Albert Solan, and in operating such as facility as the Kane Facility, as required by 42 U.S.C. § 1396r; and,

r.     By failing, as a custom and policy, to ensure that Kane's administrator and director of nursing properly monitored and supervised subordinate staff, thereby failing to ensure the health and safety of residents or patients, including Albert Solan, in derogation of 42 C.F.R. § 483.75 and 42 U.S.C. § 1396a(w).

9

44. As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities, as above described, Plaintiff's Decedent Albert Solan was injured as previously referenced, and suffered pain and distress as a result of the poor care and treatment which allowed him to suffer harm as described herein. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as the award of reasonable counsel fees, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988:

    a. Pain, suffering, inconvenience, anxiety and nervousness of Albert Solan until the time of his death;

    b. Hospital, medical, surgical and nursing expenses incurred on behalf of Plaintiff's Decedent, Albert Solan;

    c. Other losses and damages permitted by law; and,

    d. Any other damages as the Court sees fit to award.

WHEREFORE, the plaintiff, Gerard Solan, Individually and as Executor of the Estate of Albert Solan, demand compensatory and consequential damages from the defendant, John J. Kane Regional Centers – McKeesport, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

## COUNT II

**<u>Deprivation of Civil Rights Enforceable Via 42 U.S.C. § 1983 – Wrongful Death</u>**

45. All of the preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

46. As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously

10

referenced and suffered pain, distress and ultimately death as a result of the poor care and treatment he received.

47. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988:

    a. Money for funeral and estate expenses incurred because of the death of Plaintiff's Decedent, Albert Solan;

    b. Damages for the lost services, assistance, guidance, counseling and companionship of Albert Solan;

    c. Financial support and all pecuniary benefits which would have been received from Plaintiff's Decedent Albert Solan;

    d. The expenses of administration; and,

    e. Other losses and damages permitted by law.

WHEREFORE, the plaintiff, Gerard Solan, Individually and as Executor of the Estate of Albert Solan, demand compensatory and consequential damages from the defendant, John J. Kane Regional Centers – McKeesport, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

### COUNT III

### Violations of the United States Constitution Under Amendment 14 for Injury to Human Dignity Enforceable Via 42 U.S.C. § 1983

48. All of the preceding paragraphs of the within Complaint are incorporated herein, as if set forth more fully at length.

49. During the residency of Albert Solan, the Defendant deliberately failed to properly care for him, causing him to suffer an injury to human dignity.

50. Specifically, the Defendant allowed Albert Solan to remain in a state that was hazardous to his health and well-being.

51. These violations interfered with Albert Solan's rights under the 14th Amendment to the United States Constitution.

52. During its treatment of Albert Solan, the Defendant acted pursuant to a state right or privilege.

53. Defendant, John J. Kane Regional Centers – McKeesport, is a governmental agency, and it has obtained significant aid from the state, and its actions are chargeable to the Commonwealth of Pennsylvania.

54. While a patient at Kane, Albert Solan had a serious medical need, and the deliberate acts and omissions of the staff at Kane indicted deliberate indifference to Mr. Solan's medical needs.

55. Albert Solan was dependent upon the Facility and its staff for a significant amount of his activities of daily living, nursing care and treatment needs.

56. The Defendant and its staff were deliberately indifferent to Albert Solan, due to the fact that they knew Mr. Solan faced a substantial risk of serious harm, and they failed to take reasonable steps to avoid that harm.

57. As a proximate result of the Defendant's failure to act properly as above-described, Albert Solan suffered an injury to human dignity as previously referenced, and suffered pain, distress as a result of the poor care and treatment given to him, allowing him to develop the injuries and death as referenced herein. As such, Plaintiff has suffered, and is entitled to recover the following damages:

      a.      Pain, suffering, inconvenience, anxiety and nervousness of Albert Solan until the time of his death;

      b.      Death;

      c.      Hospital, medical, surgical and nursing expenses incurred on behalf of Plaintiff's Decedent, Albert Solan;

      d.      Attorneys' fees and costs;

      e.      Other losses and damages permitted by law; and,

      f.      Any other damages as the Court sees fit to award.

WHEREFORE, the plaintiff, Gerard Solan, Individually and as Executor of the Estate of Albert Solan, demand compensatory and consequential damages from the defendant, John J. Kane Regional Centers – McKeesport, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

PLAINTIFF DEMANDS A TRIAL BY JURY.

          Respectfully submitted,

          ROBERT PEIRCE & ASSOCIATES, P.C.

          By: /s/ Robert F. Daley, Esquire
              ROBERT F. DALEY, ESQUIRE
              Pa. ID No.: 81992

              2500 Gulf Tower, 707 Grant Street
              Pittsburgh, PA 15219
              (412) 281-7229

Case 2:05-cv-02925-TFM Document 144   Filed 11/06/2009   Page 13 of 13